# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

ROBBIE GENE MORGAN                                          PLAINTIFF

v.                      3:17cv00186-JLH-JJV

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration                                   DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge J. Leon Holmes. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Robbie Morgan, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the

Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff was fifty-seven years old at the time of the administrative hearing. (Tr. 35.) He testified he earned a general equivalence diploma in school. (*Id*.) He has past relevant work as a welder and drill press operator. (Tr. 26.)

The Administrative Law Judge[1] (ALJ) found Mr. Morgan had not engaged in substantial gainful activity since October 15, 2014 - the amended onset date. (Tr. 16.) He has "severe" impairments in the form of "history of arteriosclerotic heart disease/coronary artery disease [status post] remote stent placement, cervicalgia/cervical disc disorder with myelopathy, bilateral shoulder osteoarthritis s/p left shoulder decompression, lumbar spondylolysis, and chronic obstructive pulmonary disease." (*Id.*) The ALJ further found Mr. Morgan did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R.

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

2

Part 404, Subpart P, Appendix 1.[2] (Tr. 18.)

The ALJ determined Mr. Morgan had the residual functional capacity to perform a reduced range of light work given his physical impairments. (*Id.*) The ALJ concluded Mr. Morgan could no longer perform his past work, so he utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments. Based on the testimony of the vocational expert, the ALJ determined Mr. Morgan could perform the jobs of circuit board drill press operator, weld inspector and hand solderer. (Tr. 26, 73-80.) Accordingly, the ALJ determined Mr. Morgan was not disabled. (Tr. 26-27.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-4.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

Plaintiff raises a number of arguments in his brief. (Doc. No. 11.) However, the real issue in this case is whether the ALJ rightly discounted the opinions of Plaintiff's treating physician, Travis Richardson, D.O. (*Id.* at 3-11.) Dr. Richardson treated Plaintiff for approximately two years and, as part of this disability process, completed an Attending Physician Statement. Dr. Richardson identified limitations that put into question Mr. Morgan's ability to perform work at the light exertional level. (Tr. 465-66.)

The ALJ discounted Dr. Richardson's opinions because, ". . . there are no laboratory and/or diagnostic test results which he performed that demonstrate and/or support his limitations." (Tr. 25.) The ALJ concluded, "His opinion is being given some weight to the extent his limitations are consistent with the residual functional capacity above and found to be appropriate and consistent with the evidence of record as a whole." (*Id.*)

---

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

Plaintiff correctly argues his treating doctors should generally be given deference. But after a close review of the record, I find the ALJ could properly discount these opinions.

The United States Court of Appeals for the Eighth Circuit has reiterated:

> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. *Id.* "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Here, the ALJ had fair reasons to discount Dr. Richardson's conclusions. As the Commissioner points out in her brief, the medical evidence simply fails to support the conclusions of Dr. Richardson. In reviewing the treatment records I, too, fail to find full support for Dr. Richardson's statement.

In closely reviewing the statement in question, the most limiting issues are the need for unscheduled breaks and excessive absenteeism. (Tr. 466.) But I agree with the Commissioner that there is little support in the record for these limitations. Furthermore, Dr. Richardson fails to state how he came to these conclusions and his medical records fails to support such limitations.

It appears most of Mr. Morgan's physical problems stem from injuries he sustained from a fight in early 2016. (Tr. 445-447, 486-488, 584.) But as the Commissioner points out, it does not appear these injuries, albeit serious, would lead to permanent disability. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can

be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Although Plaintiff has been diagnosed with serious illnesses, the treatment records fail to show marked limitation in his ability to perform work related activities.

It is not to say there is not objective evidence to support Mr. Morgan's allegations of pain and limitation. He has a number of impairments and I am sympathetic to his claims. But I find substantial evidence to support the ALJ's conclusion that Plaintiff is capable of performing a reduced range of light work.

Mr. Morgan also believes the ALJ failed to correctly resolve the conflict between the vocational expert's testimony and the Dictionary of Occupational Titles (DOT). (Doc. No. 11 at 11-12.) The ALJ determined Plaintiff ". . . must avoid excessive exposure to dust, smoke, fumes and other pulmonary irritants." (Tr. 18.) Plaintiff argues the jobs identified by the ALJ likely will expose him to these airborne irritants. The Commissioner, however, counters that the ALJ's assessment was sufficient in accordance with *Welsh v. Colvin*, 765 F.3d 926, 930 (8th. Cir. 2014). (Doc. No. 12 at 11.)

In *Welsh*, the United States Court of Appeals for the Eighth Circuit held, "When an ALJ has posed a hypothetical that accurately reflects his RFC finding, questioned the VE about any apparent inconsistencies with the relevant DOT job descriptions, and explained his decision to credit the VE's testimony, the ALJ has complied with SSR 00–4p, and we review his decision under the deferential substantial evidence standard." *Id.*

The ALJ asked the vocational expert, ". . . if our hypothetical individual was unable to

5

tolerate excessive exposure to dust, smoke, fumes and other pulmonary irritants, would it exclude any of those jobs you've identified?" To which the vocational expert testified, "No, sir."

Given her testimony and the ALJ's analysis on this point, I find the ALJ could properly rely on the vocational expert to resolve any conflict. Accordingly, I find no reversible error here.

Plaintiff has advanced other arguments which I find are without merit. Mr. Morgan's counsel has done an admirable job of advocating for Plaintiff. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed and Plaintiff's Complaint be dismissed with prejudice.

DATED this 21st day of December, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE